#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES JOSEPH OWENS-EL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-21-675 |
| MAGGIE CHOU, | * | |
| KEVIN RANDALL, | | |
| LETTA REID-TRAGDON, | * | |
| RENATA STOKES, | | |
| PAUL O'CONNOR, | * | |
| MACK ABADUDO, | | |
| JUDITH TOM LIN, | * | |
| STATE OF MARYLAND, | | |
| COUNCILMAN ERIC COSTELLO, | * | |
| JOHN DOE, and | | |
| UNITED STATES OF AMERICA,[1] | * | |
| Defendants. | * | |

***

### MEMORANDUM

On March 17, 2021, the self-represented plaintiff, James Joseph Owens-El, filed a Complaint supplemented with numerous pages of additional claims and exhibits. ECF 1 (redacted); ECF 2 (unredacted). He alleges that defendants, who include his apartment house managers and Assistant State's Attorneys for Baltimore City, conspired to commit fraud resulting in a decision not to pursue charges for lack of evidence that Owens-El filed against his neighbor, Kevin Michael Randall. The matter arose from an incident at a community meeting held by City Council member Eric Costello on December 14, 2018. ECF 1-1 at 10, 19-21, 23-26, 35-36.

Plaintiff states:

---

[1] The Clerk shall add all names listed in the complaint as defendants. ECF 1 at 3-5.

> Maggie Chou erected a scheme and conspiracy to attempt to wrongfully evict Plaintiff with Letta Reid-Tragdon, Reneta Stokes and resident expert actor Kevin Randal[sic] who insulted and assaulted Plaintiff for effectively communicating with District Councilman Erick [sic] Costello about oaths to support and defend the Constitution of the United States of America: After Reid-Tragdon on or about Dec. 10 or 11 had Randall to entrapp [sic] Plaintiff sliding an invitation in Plaintiff's door, Apt. 704 to meet with, and ask questions and ask questions answers by Hon Erick [sic] Costello on Dec. 11, 2018.[2]

ECF 1 at 2.

Plaintiff claims defendants' actions constitute "cruel and unusual punishment and unjust treatments" that violate his rights under the Eighth Amendment to the Constitution and Article 16 of the Maryland Declaration of Rights, the ex post facto clauses of the Constitution and Maryland Declaration of Rights and deprived him of his right to freedom of speech. ECF 1-1 at 1-2. He seeks the following relief, *id.* at 5:

1. Declare that Asst. States Attorneys: O'Connor, Mack Abadudo, Judith Tom Lin and a sit in deputy conspired with Federal-HUD Hanover Square Manager Maggie Chou to alter or erase: audeo-visual [sic] evidence of assaults and insults by assigned security, compromised resident Kevin Randall: as attorneys manifestly discriminated in open court coercing percipient [sic] witness Harold Adams who protested that: "Y'all don't need the video, y'all always had me." Defendants and other identified hereinto perpetuate a fraud on a state of Maryland Court.

2. Enjoin defendants from retaliating, harming Plaintiff or his witness Hon. Eric Costello; Harold Adams, and Pauline Hazelton.

3. Award Plaintiff $5,000,000.00 jointly.

---

[2] Plaintiff references *State of Maryland v. Kevin Randall*, Criminal No. 2B2389326 in the District Court for Maryland, (Patapsco) and states this case was dismissed due to fraud on the court by Assistant State's Attorneys O'Connor and Abadudo, who acted in confederation with Chou. ECF 1 at 5; ECF 1-1 4, 19. This case number could not be found on the Maryland Judiciary case search website (visited on March 30, 2021).

Preliminarily, I note that plaintiff filed the Complaint without submitting the $402.00 civil filing fee or filing a Motion for Leave to Proceed in Forma Pauperis. He will be granted twenty-eight days from the date of this Order to cure this oversight.

As to the Complaint, it need not contain detailed allegations, but the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506, 512 (2002) (internal quotation marks omitted).

The court also recognizes its obligation to construe liberally the pleadings of self-represented litigants, such as plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating the Complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Twombly*, 550 U.S. at 555–56). Nonetheless, liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations," but it also "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). Even after affording the Complaint liberal construction, and assuming the allegations to be true, it fails to set forth a plausible federal claim.

Plaintiff will be granted twenty-eight days to provide facts to support his claims that defendants conspired unlawfully to evict him from his apartment and prevent the prosecution of Kevin Randall in Case No. Criminal No. 2B2389326. Plaintiff must state with specificity how these actions violated the First and Eighth Amendments, the Ex Post Facto clause, and the Maryland Declaration of Rights. Further, plaintiff must explain how each defendant acted unlawfully and in violation of federal law. And, plaintiff should indicate whether he was in fact evicted from his apartment and, if so, the date.

As to plaintiff's claim concerning the Assistant State's Attorneys' decision not to prosecute Kevin Randall, allegations of criminal violations may only be initiated by a prosecutor. *See Leeke v. Timmerman*, 454 U.S. 84, 86–87 (1981). Private citizens lack a judicially cognizable interest in the criminal prosecution of another. *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973). In other words, private citizens, such as plaintiff, do not have a constitutional right to insist that the State bring charges against another individual.

*Plaintiff is directed to limit the Amended Complaint to no more than twenty-five pages written on one side of each page and to write the above case number on the Amended Complaint.* As a reminder, an amended complaint generally replaces the original complaint filed. *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001); *see Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint). Therefore, the Amended Complaint required by this Order must include all allegations against each of the defendants, so that the Amended Complaint may stand alone as the sole complaint in this action, to which defendants must respond. Additionally, the Amended Complaint must meet the requirements of this Order, or it may be dismissed without prejudice, and without further notice.

An Order follows.


Date:  March 30, 2021               /s/
                                    Ellen L. Hollander
                                    United States District Judge