IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES JOSEPH OWENS-EL, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-21-675 |
| MAGGIE CHOU, *et al*., | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

The self-represented plaintiff, James Joseph Owens-El, has filed a Motion for Leave to Proceed in Forma Pauperis (ECF 12; ECF 13)[1] as well as a court-ordered Amended Complaint. ECF 6. The motion and the Amended Complaint are subject to review. Based on the financial information that plaintiff has provided, I will grant leave to proceed in forma pauperis. However, I shall dismiss the suit.

### I.        Background

The suit was initially docketed on March 17, 2021. *See* ECF 1; ECF 2. The suit is difficult to decipher. But, plaintiff appears to allege that defendants unlawfully conspired to evict him from his apartment and prevent the prosecution of Kevin Randall in Case 2B2389326 (Dt. Ct. Baltimore City).

By Memorandum and Order of March 31, 2021, I granted plaintiff twenty-eight days to file an Amended Complaint that provided facts to support his claims. ECF 4; ECF 5. In particular, plaintiff was ordered to substantiate his allegations that his rights were violated under the First and

---

[1] Plaintiff filed two identical motions for leave to proceed in forma pauperis. ECF 12; ECF 13.

Eighth Amendments to the Constitution, as well as the Ex Post Facto Clause and the Maryland Declaration of Rights.  Plaintiff was directed to explain how each defendant acted unlawfully, and to indicate whether he was in fact evicted from his apartment.

Plaintiff filed an Amended Complaint on April 27, 2021, against numerous defendants. ECF 6.[2]  He also included several exhibits.  The defendants include Maggie Chou, Manager of Hanover Square Apartments, where plaintiff lives;[3] Renata Stokes, the Assistant Property Manager for Hanover Square Apartments; Letta Reid Tragnon, Assistant Manager of Hanover Square Apartments; Kevin Randall, who allegedly assaulted plaintiff; "Mr. Keith," a maintenance man; "Mr. Heinz," a maintenance man; Eric Costello, a member of the Baltimore City Council; Assistant State's Attorneys Paul O'Connor, Mack Abbadudo, and Judith Tomkin or Tomlin ("Tomkin"); an unidentified state judge; the State of Maryland; the United States; and two John Does.  ECF 6 at 1-3; ECF 6-1 at 6.

In the Amended Complaint, plaintiff alleges that on December 14, 2018, he attended a meeting in the community room at Hanover Apartments in Baltimore.  Eric Costello, a member of the Baltimore City Counsel, was present.  At the meeting, plaintiff informed Costello that "Maggie Chou is leaving the citizens unsafe" by focusing security cameras on elevators, not apartment doors, which has resulted in apartment burglaries.  ECF 6-1 at 6, 7.  Randall then shouted "Mr.

---

[2]  The Amended Complaint does not address plaintiff's summary allegations of Eighth Amendment, Ex Post Facto Clause, and Maryland constitutional violations.  I shall assume that plaintiff has abandoned these claims.

[3]  Hanover Square is described as a Section 8 subsidized housing community for adults 62 years and older and for disabled persons, located at 1 West Conway Street in Baltimore City.  *See* https://affordablesearch.com/apartments (visited May 19, 2021).  "Under the Section 8 program, the federal government provides funds to local housing authorities, which subsidize rental payments for eligible low-income tenants in privately-owned buildings."  *Mhany Mgmt., Inc. v. Cnty. of Nassau*, 819 F.3d 581, 588 (2d Cir. 2016) (citing 42 U.S.C. § 1437f (o)(1)(A)).  The Section 8 program is administered by the Department of Housing and Urban Development.

Owens, shut your mouth!"  ECF 6-1 at 6.  Plaintiff responded that he had a First Amendment right to freedom of speech, to which Randall replied that he was "taking that right from [plaintiff] today."  ECF 6 at 7.

While plaintiff was shaking Costello's hand after speaking to him, Randall ran toward plaintiff, shouting "Owens! Didn't I tell you to shut your mouth," and he simultaneously smacked plaintiff on his left shoulder.  *Id*.  This caused plaintiff to throw his legs apart to avoid falling and he reinjured ligaments in his right knee.  Plaintiff asserts the incident was captured on camera, but parts of the recording were altered and erased by Chou before it was provided to Assistant State's Attorneys O'Connor, Abadudo, and Tomkin. *Id*. Witness Harold Adams-El executed an affidavit, stating that Randall pushed and shoved plaintiff.  ECF 6 at 8; ECF 6-4.

Plaintiff filed an application for a statement of charges against Randall in the District Court of Maryland for Baltimore City (Patapsco).  ECF 6-7.  Trial was initially scheduled for February 1, 2019, rescheduled for March 1, 2019, and rescheduled again for April 1, 2019.  ECF 6-9, ECF 6-10.  On March 27, 2019, however, plaintiff met with Assistant State's Attorneys O'Connor, Abadudo, and Tomkin.  They informed him that, after reviewing the tape of the incident and conducting a three-month investigation, they had determined there was insufficient evidence to prosecute Randall on assault charges.  ECF 6-1 at 10-11; ECF 6-15 at 2, 3.

Owens-El does not state in the Amended Complaint whether he was evicted from Hanover Square Apartments.  However, his most recent address, 1 West Conway Street, corresponds to the address for Hanover Square Apartments.  Thus, it appears that he remains a tenant.  ECF 12.

Plaintiff seeks $15 million against defendants, jointly and severally, for "physical and psychological damages" in connection with psychological stress, emotional duress, and mental anguish. ECF 6 at 5.

3

## II.     Discussion

### A.  The Complaint

Rule 8 of the Federal Rules of Civil Procedure sets forth the "baseline standard to which all complaints must adhere." *Plumhoff v. Cent. Mortg. Co*., 286 F. Supp. 3d 699, 701 (D. Md. 2017).  Under Rule 8(a), a complaint must "contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  The rule also requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P 8(d)(1).  The goal of Rule 8 is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); WRIGHT & MILLER, § 1202 (describing the objectives of Rule 8).

To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (per curiam).  But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

In other words, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).  If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.  "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a

4

cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

Whether a complaint satisfies Rule 8 turns on "various factors, including the length and complexity of the complaint; whether the complaint was clear enough to enable the defendant to know how to defend himself; and whether the plaintiff was represented by counsel." *Sewarz v. Long*, 407 F. App'x 718, 719 (4th Cir. 2011) (internal citations omitted).  A complaint does not run afoul of Rule 8 merely because it is bloated with redundant allegations.  *See id.* (finding district court erred in dismissing 33-page complaint where the allegations were "intelligible and clearly delineated"); *see also United States ex rel. Garst v. Lockheed–Martin Corp*., 328 F.3d 374, 378 (7th Cir. 2003) ("Surplusage can and should be ignored.").  Nor does the occasional lapse in clarity doom a complaint.

The court is mindful that plaintiff is a self-represented litigant.  Therefore, his pleadings must be liberally construed and less stringent standards apply.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).  Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").

Plaintiff filed his Complaint in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1).  This permits an indigent litigant to commence an action in this court without prepaying the filing fee.  To guard against possible abuses of this privilege, however, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted.  28

U.S.C. § 1915(e)(2)(B)(i) and (ii).   In evaluating such a complaint, the factual allegations are assumed to be true.   *Id*. at 93 (citing *Twombly*, 550 U.S. at 555–56).

Against this background, I will review plaintiff's claims.

### B.     United States

Plaintiff names the United States as a defendant.   But, the Amended Complaint makes no specific allegations against the United States.   Nor does plaintiff invoke the Federal Tort Claims Act ("FTCA") as a basis for his claims.   Under the FTCA, the United States is liable for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment." 28 U.S.C. § 1346(b) (1994).

Plaintiff has failed to State a claim against the United States.   Therefore, the United States will be dismissed as a party to this lawsuit.

### C.     The State of Maryland

The Amended Complaint presents no specific allegations against the State of Maryland. Moreover, under the Eleventh Amendment, a state government, including its departments and agencies, is immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

The State of Maryland has not waived its immunity under the Eleventh Amendment to suit in federal court.   *See* Md. Code, State Gov't § 12-202(a); *Pevia v. Hogan*, 443 F. Supp. 3d 612, 632 (D. Md. 2020) (holding that "[a]lthough the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts [through § 12-202(a)], it has not waived its immunity under the Eleventh Amendment to suit in federal court").   Accordingly, the State of Maryland will be dismissed as a defendant in this proceeding.

### D.     Unnamed Judge

Plaintiff raises no claims against the unnamed judge.  He notes that in January of 2019, a judge rescheduled Randall's trial in case no. 2B02389325 after plaintiff sought the tape recording of the incident.  At that time, witness Harold Adams-El protested to the court that this was wasting the witness's time.  ECF 6-1 at 2-3.

Judges are immune for decisions made in their judicial capacity.  *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").  The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities.  *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam).

Judicial immunity is absolute; it protects a judicial defendant from damages suits entirely.  *Id.* at 11.  Moreover, judges are not liable in civil actions "for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly).

Therefore, there is no ground for suit against the unnamed judge.

### E. Assistant State's Attorneys

Plaintiff claims that Assistant State's Attorneys O'Connor, Tomkin, and Abadudo agreed not to prosecute Randall based on the information provided on the tape recording.  According to plaintiff, they could not hear Randall threaten him on the tape and the recording cut off before showing Randall running to assault him.  ECF 6-1 at 3.  Owens-El also complains the prosecutors

did not permit his witness, Harold Adams-El, to testify.  *Id.*  Plaintiff provides no facts suggesting the prosecutors conspired against him or otherwise violated federal or state law.

Maryland's assistant state's attorneys enjoy immunity as quasi-judicial officers when performing prosecutorial functions.  *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997).  "'Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.'" *Grant v. Maryland*, Civil Action No. PWG-17-2816, 2018 WL 1069363, at *2 (D. Md. Feb. 26, 2018) (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)); *see also Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23).

The decision whether to prosecute a case falls squarely within the purview of these prosecutorial functions.  Accordingly, the suit against O'Connor, Tomkin,  and Abadudo will be dismissed for failure to state a claim upon which relief may be granted.

### F.     Kevin Randall

Under 42 U.S.C § 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  *See, e.g.*, *Filarsky v. Delia*, 566 U.S. 377 (2012); *see also Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied sub nom. Balt. City Police Dep't v. Owens*, 575 U.S. 983 (2015).  However, § 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*,

443 U.S. 137, 144 n.3 (1979)); *see Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017).  In other words, § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019); *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011), *cert. denied*, 565 U.S. 823 (2011); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997). "The first step in any such claim is to pinpoint the specific right that has been infringed." *Safar*, 859 F.3d at 245.

The phrase "under color of state law" is an element that "'is synonymous with the more familiar state-action requirement' for Fourteenth Amendment claims, 'and the analysis for each is identical.'" *Davison*, 912 F.3d at 679 (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982).  A person acts under color of state law "only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Philips*, 572 F.3d at 181 ("[P]rivate activity will generally not be deemed state action unless the state has so dominated such activity as to convert it to state action: Mere approval of or acquiescence in the initiatives of a private party is insufficient.") (citations and internal quotation marks omitted).

Plaintiff alleges that Randall is president of the resident community room, "runs things for

Maggie Chou," and calls him a "fake security officer."  ECF 6-1 at 9.  According to plaintiff, on December 14, 2018, Kevin Randall told him, "shut your mouth Mr. Owens," which plaintiff claims was an "overt act" in violation of his First Amendment right of freedom of speech and was made on federal premises at the "'HUD' Hanover Square Apartments Community Room."  ECF 6-1 at 5.  He also claims Randall conspired with Heinz and Stokes to discriminate unlawfully against him.  ECF 6-1 at 11.

It is unclear whether Randall is an employee of Hanover Apartments or its management company or a private resident of the apartment complex.  ECF 6-1 at 8-9.  Of import, the Amended Complaint offers no factual basis for finding that Randall was a person acting under the color of state law, who sought to abridge plaintiff's rights under the First Amendment or otherwise unlawfully discriminate against him.[4]  Consequently, the claims against Randall will be dismissed.

### G.      Maggie Chou, Renata Stokes, Letta Reid-Tragdon

Plaintiff does not allege that Chou, Stokes, or Tragdon were State employees or suggest facts to demonstrate they were state actors.  Plaintiff claims Chou and Stokes refused his request to call the Baltimore City Police on several occasions.  ECF 6-1 at 12.  In response to plaintiff's request, Stokes indicated they had run out of complaint forms and Chou told him that she did not know that plaintiff had been assaulted.  ECF 6-1 at 9.  In November 2018, when plaintiff reported a burglary in his apartment to Chou and Stokes, he claims they refused to contact the police. Instead, they recommended that plaintiff call the police directly.  ECF 6-1 at 12.  Plaintiff additionally claims Chou filed an "infraction report" against him for stating that Heinz came into his apartment.  ECF 6-1 at 11-12.[5]

---

[4]  As such, the discussion of whether Randall's actions, if true, even amounted to a First Amendment violation will not be considered.

[5] To the extent plaintiff may be referring to HUD forms, he does not allege that defendants'

Plaintiff provides no facts to substantiate a constitutional claim against Chou or Stokes or that demonstrate they otherwise violated federal law.

Plaintiff alleges Letta Reid-Tragon wrote on a flyer advertising Costello's appearance that Edgewood Management, Hanover Square, and their employees were not affiliated with Costello, and his appearance did not constitute an endorsement and that medical or legal information presented should be discussed with a health provider or attorney. ECF 1-1 at 5; ECF 6-1 at 6; ECF 6-3. Plaintiff does not explain how Reid-Tragon's actions were unlawful, nor can a basis for his claim against Reid-Tragon be discerned from the Amended Complaint.

### H.      Heinz and Keith

Plaintiff asserts that Heinz and Randall conspired to discriminate and retaliate against him for contacting the Baltimore City Police. Plaintiff states that he does not know who burgled his apartment, but once saw Heinz quietly coming out of another tenant's apartment. ECF 6-1 at 12. Additionally, plaintiff alleges that on an unspecified date, when he suggested to Renata Stokes that Heinz was responsible for burglaries in tenants' apartments, Stokes told plaintiff to leave, and then Heinz and Keith appeared "out of nowhere" and instructed him to leave the room. ECF 6-1 at 13.

Plaintiff provides no facts showing that Heinz and Keith, maintenance workers at Hanover Square Apartments, were acting under color of state law. Nor does he explain how their purported actions abridged his rights under federal or State law. The claims against Heinz and Keith will be dismissed for failure to state a claim.

### I.      Eric Costello

Plaintiff faults Councilman Costello for joining, by his silence, the alleged conspiracy to threaten, assault, and retaliate against him. ECF 6-1 at 14. More particularly, plaintiff alleges that

---

actions contravened HUD regulations.

when he asked Costello to provide an affidavit about the incident of December 14, 2018, he was told by an unidentified man at City Hall that Costello remembered nothing about the alleged incident.  ECF 6-1 at 14.  Plaintiff's allegations against Costello do not state a claim on which relief may be granted.

### III.    Conclusion

For these reasons, I will dismiss the Amended Complaint for failure to state a claim upon which relief may be granted.  A separate Order follows.


May 21, 2021                                  /s/
Date                                   Ellen L. Hollander
                                       United States District Judge

12